UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLADIGM, INC., | Case No.: 5:11-cv-05416 EJD |
| Plaintiff, | **ORDER GRANTING MOTION TO STRIKE** |
| v. | |
| MIN MING TARNG, | (Re: Docket No. 36) |
| Defendant. | |

Pending before the court is Plaintiff Soladigm, Inc.'s ("Soladigm") motion to strike Defendant Min Ming Tarng's ("Tarng") Second Amended Counterclaim. See Docket No. 36. Having reviewed the parties' submissions, the court previously found this matter appropriate for decision without oral argument. Civil L.R. 7-1(b). For the reasons discussed below, the court GRANTS Soladigm's motion to strike Tarng's document entitled, Counterclaim-2, Docket No. 28.

**I. BACKGROUND**

On November 7, 2011, Soladigm filed its Complaint seeking declaratory judgment of the ownership of U.S. Patent Application No. 12/752,121 (the "'121 patent application") and alleging breach of contract, breach of confidential relationship, and unfair competition. See Compl., Docket No. 1. On November 28, 2011, Tarng filed a 46-page document entitled, "Declaration of Min Ming Tarng, PhD In Support of Patent Application No. 12/752,121 Being Inventor's Proprietary Intellectual Property Having No Relation With Soladigm That It Cannot Be Robbed Away From

1

Case No.: 5:11-cv-05416 EJD
ORDER GRANTING MOTION TO STRIKE

the Innocent Inventor With the Terrible Threats of Soladigm." See Docket No. 11. On December 2, 2011, Tarng filed a declaration stating that the document filed on November 28, 2011 was his Answer. See Docket No. 13. On December 22, 2011, Tarng filed a 90-page document entitled, "Answer on the Merits." Docket No. 20. Also on December 22, 2011, Tarng filed 79-page document entitled, "Counterclaim." Docket No. 21. On January 5, 2012, Soladigm filed its Answer to Tarng's Counterclaim. On January 24, 2012, Tarng filed a 450-page document entitled, "Counterclaim-2." On February 7, 2012, Soladigm filed its motion to strike this 450-page Counterclaim-2, arguing it is an amended pleading that was improperly filed without leave of court.

## II. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Pursuant to Fed. R. Civ. P. 13(a)(1), a pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another party over whom the court cannot acquire jurisdiction.

## III. DISCUSSION

Soladigm argues that Tarng's counterclaims are compulsory counterclaims under Rule 13(a) and thus were required to be stated in the original Answer. The court agrees. The counterclaims asserted in Tarng's December 22, 2011 Counterclaim—declaratory judgment of ownership of the '121 patent application; breach of consulting agreement; breach of nondisclosure agreement; breach of confidential relationship, and violation of California's unfair competition law—arise out of the same occurrences that are the subject of Soladigm's claim and do not require adding another party over whom the court cannot acquire jurisdiction. Thus, Tarng was required to assert these counterclaims in his Answer, which was filed on November 28, 2011.

2

Case No.: 5:11-cv-05416 EJD
ORDER GRANTING MOTION TO STRIKE

1    The Counterclaim, filed on December 22, 2011, therefore is an amended pleading that
2 asserts new counterclaims. The January 24, 2011 document, "Counterclaim-2," therefore is the
3 second amendment to Tarng's pleadings. Because Tarng had already amended his pleadings as a
4 matter of right, Rule 15(a) required Tarng to obtain Soladigm's written consent or the court's leave
5 before filing his Counterclaim-2. Tarng, however, filed the 450-page Counterclaim-2 without leave
6 of court and without Soladigm's written consent. Accordingly,

7    Soladigm's motion to strike is GRANTED.

8 IT IS SO ORDERED

9 Dated: September 18, 2012



EDWARD J. DAVILA
United States District Judge