UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLADIGM, INC., | Case No.: 5:11-cv-05416 EJD |
| Plaintiff, | **ORDER DENYING DEFENDANT'S "MOTION TO SUMMARY JUDGMENT OF SOLADIGM'S DEFAULT JUDGMENT"** |
| v. | |
| MIN MING TARNG, | (Re: Docket No. 38) |
| Defendant. | |

Pending before the court is Defendant Min Ming Tarng's ("Tarng") motion entitled, "Motion To Summary Judgment of Soladigm's Default Judgment." See Docket No. 38. Having reviewed the parties' submissions, the court previously found this matter appropriate for decision without oral argument. Civil L.R. 7-1(b). For the reasons discussed below, the court DENIES Tarng's Motion To Summary Judgment of Soladigm's Default Judgment.

**I. BACKGROUND**

On November 7, 2011, Soladigm filed its Complaint seeking declaratory judgment of the ownership of U.S. Patent Application No. 12/752,121 (the "'121 patent application") and alleging breach of contract, breach of confidential relationship, and unfair competition. See Compl., Docket No. 1. Soladigm's Complaint alleges the following facts.

1

Case No.: 5:11-cv-05416 EJD
ORDER DENYING DEFENDANT'S "MOTION TO SUMMARY JUDGMENT OF
SOLADIGM'S DEFAULT JUDGMENT"

1    Soladigm is a developer of next-generation green building solutions that improve energy
2    efficiency, promote cost savings, and provide environmental benefits and quality of life
3    enhancements. Compl. ¶ 11. To help achieve these benefits, Soladigm develops products, such as
4    its Dynamic Glass product, which, when used in windows, controls the amount of light and heat
5    that enter a building. Id. Soladigm's windows are commonly referred to as "smart windows,"
6    because their ting level is controllable by the user. Id. The core technology in Soladigm's smart
7    windows is electrochromic materials based devices, which require electrical switching, and
8    particularly, controller proprietary technology in order to operate properly. Id. Soladigm seeks
9    patents on inventions originating from its research and development activities, has been issued
10   patents, and has patent applications pending relating to its proprietary technology. Id.

11   On December 7, 2009, Soladigm and Tarng entered into a Consulting Agreement whereby
12   Tarng agreed to perform certain consulting services for Soladigm in exchange for monetary
13   compensation. Id. ¶ 13. The consulting services Tarng agreed to perform for Soladigm included the
14   design, fabrication, testing and qualification of a controller for smart windows. Id. ¶ 14. Tarng also
15   agreed not to use Soladigm's confidential information except in connection with his services for
16   Soladigm. Id. ¶ 15. By entering into the Consulting Agreement, Tarng also agreed ". . . to assign
17   (or cause to be assigned) and hereby assigns fully to the Company all Inventions and any . . .
18   patents . . . or other intellectual property rights relating to all Inventions." Id. ¶ 18. Also on
19   December 7, 2009, the parties entered into a Unilateral Nondisclousre Agreement ("NDA"). Id. ¶
20   22. Pursuant to the NDA, Tarng agreed not to use any of Soladigm's confidential information
21   disclosed to him except to evaluate and engage in a potential business relationship between himself
22   and Soladigm. Id. ¶ 23. Tarng also agreed not to disclose any of Soladigm's confidential
23   information of Soladigm to any third parties. Id. ¶ 24. On June 18, 2010, the Consulting Agreement
24   was terminated. The NDA continues in force. Id. ¶ 20. Except as otherwise excused or prevented
25   from doing so, Soladigm has fully performed all conditions, covenants and obligations required
26   under the Consulting Agreement and the NDA. Id. ¶¶ 21, 26.

On April 1, 2010, while he was still a consultant for Soladigm and being paid by Soladigm accordingly, Tarng filed the '121 patent application, entitled "Zilinx: the 11Less Green Technology for FPIC of Smart Window," with the U.S. Patent and Trademark Office. Id. ¶ 27. Tarng filed the '121 patent application without notice to, or the permission of, Soladigm. Id. The '121 patent application includes confidential information of Soladigm disclosed to Tarng during his consultancy with Soaldigm under the Consulting Agreement. Id. ¶ 29. The '121 patent agreement describes and claims inventions relating to electrochromic glass and smart windows. Id. ¶ 30. On July 29, 2010, the Patent Office published the '121 patent application as U.S. Patent Application Publication US 2010-0188057 A1. Id. ¶ 32.

After discovering the existence of the '121 patent application, Soladigm repeatedly contacted Tarng and requested that he execute an assignment to Soladigm of his rights in the inventions described and claimed in the '121 patent application. Id. ¶ 34. Despite Soladigm's repeated requests, Tarng has failed and refused to execute such an assignment. Id. ¶ 35.

On December 22, 2011, Tarng filed counterclaims against Soladigm for declaratory judgment of ownership of the '121 patent application, breach of consulting agreement, breach of nondisclosure agreement, breach of confidential relationship, and violation of California's unfair competition law. Docket No. 21.

## II. LEGAL STANDARDS

**A. Summary Judgment**

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson, 477 U.S. 242, 248–49; Barlow v. Ground, 943 F.2d 1132, 1134–36 (9th Cir. 1991). However, "[a] non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." F.T.C. v. Stefanchik, 559 F.3d 924, 929 (9th Cir. 2009).

### III. DISCUSSION

Tarng appears to lay out five arguments in his motion. First, Tarng requests that the court treat his "ANSWER-2" (No. 26) as the only version of his Answer in this action. Tarng filed an Answer on November 28, 2011 (Docket No. 11; see Docket No. 13) and filed an amended Answer on December 22, 2011 (Docket No. 20). On January 10, 2012, Tarng filed the document Answer-2.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Although "[an] amended complaint supersedes the original, the latter being treated thereafter as nonexistent," Lacey v. Maricopa County, 649 F.3d 1118, 1137 (9th Cir. 2011), here, Tarng improperly filed the Answer-2 without leave of court and without Soladigm's consent. Thus, Tarng's request that the court treat his Answer-2, his second amended answer, as his only answer is DENIED.

Tarng also requests that court consider his "COUNTERCLAIM-2" to be the only version of his counterclaim in this action. For the same reasons stated in the court's Order Granting Motion To Strike, which is filed concurrently with this order, the Counterclaim-2 was improperly filed and Tarng's request that it be treated as the only counterclaim in this action is DENIED.

4

Case No.: 5:11-cv-05416 EJD
ORDER DENYING DEFENDANT'S "MOTION TO SUMMARY JUDGMENT OF SOLADIGM'S DEFAULT JUDGMENT"

Tarng labels his third issue as "Summary Judgment of Soladigm's Default Judgment." Docket No. 38 at 2. Although Tarng cites to figures in the declaration he has filed as evidence in support of his defense, he has not cited to any legal standard or identify portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp., 477 U.S. at 323 ("[T]he burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case."). Additionally, Soladigm asserts that the parties held their Rule 26(f) conference on February 24, 2012, triggering the start of discovery, eight days after this motion was filed on February 16, 2012.[1] See Opp'n at 3:5-8, Docket No. 48. Tarng does not dispute that discovery commenced after his motion was filed. Thus, the court considers Tarng's motion for summary judgment to be premature. See Texas Partners v. Conrock Co., 685 F.2d 1116, 1119 (9th Cir. 1982) (finding summary judgment prior to adequate discovery premature). Thus, Tarng's motion for summary judgment is DENIED.

Tarng's fourth argument pertains to Soladigm's failure to engage in the discovery process. As discussed above, discovery had not begun when this motion was filed, therefore any motion based on a failure to comply with discovery requests is premature. Additionally, any discovery dispute should be noticed before U.S. Magistrate Judge Howard R. Lloyd. Thus, any request for relief from a discovery dispute contained in this motion is DENIED.

Finally, Tarng asserts that Soladigm's pleadings and briefs filed in this action are harassing, frivolous, and show a lack of factual investigation. Tarng concludes his motion by asking the court to "sanction the Plaintiff Soladigm with Summary Judgment of Soladigm's Default Judgment." See Motion at 6:22-24. Tarng has not demonstrated any legal basis and conduct upon which an award of sanctions could be made. Additionally, a motion for sanctions must be separately filed, see Civil L.R. 7-8(a), but Tarng's request for sanctions is bundled with the above-discussed requests for relief. Thus, any request for sanctions contained in this motion is DENIED.

---

[1] According to Fed. R. Civ. P. 26(d) and (f), discovery may commence after the parties meet for a Rule 26(f) conference, which must take place at least 21 days before the Initial Case Management Conference.

5

Case No.: 5:11-cv-05416 EJD
ORDER DENYING DEFENDANT'S "MOTION TO SUMMARY JUDGMENT OF SOLADIGM'S DEFAULT JUDGMENT"

### IV. CONCLUSION

For the reasons discussed above, Tarng's Motion To Summary Judgment of Soladigm's Default Judgment is DENIED.

IT IS SO ORDERED

Dated: September 18, 2012

EDWARD J. DAVILA
United States District Judge