UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLADIGM, INC., | Case No.: 5:11-cv-05416 EJD |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| v. | |
| MIN MING TARNG, | (Re: Docket No. 59) |
| Defendant. | |

Pending before the court is Plaintiff Soladigm, Inc.'s ("Soladigm") motion for partial judgment on the pleadings against Defendant Min Ming Tarng ("Tarng"). See Docket No. 58. Having reviewed the parties' submissions, the court previously found this matter appropriate for decision without oral argument. Civil L.R. 7-1(b). For the reasons discussed below, the court DENIES Soladigm's motion for partial judgment on the pleadings.

**I. BACKGROUND**

On November 7, 2011, Soladigm filed its Complaint seeking declaratory judgment of the ownership of U.S. Patent Application No. 12/752,121 (the "'121 patent application") and alleging breach of contract, breach of confidential relationship, and unfair competition. See Compl., Docket No. 1. Soladigm's Complaint alleges the following facts.

1

Case No.: 5:11-cv-05416 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Soladigm is a developer of next-generation green building solutions that improve energy efficiency, promote cost savings, and provide environmental benefits and quality of life enhancements. Compl. ¶ 11, Docket No. 1. To help achieve these benefits, Soladigm develops products, such as its Dynamic Glass product, which, when used in windows, controls the amount of light and heat that enter a building. Id. Soladigm's windows are commonly referred to as "smart windows," because their ting level is controllable by the user. Id. The core technology in Soladigm's smart windows is electrochromic materials based devices, which require electrical switching, and particularly, controller proprietary technology in order to operate properly. Id. Soladigm seeks patents on inventions originating from its research and development activities, has been issued patents, and has patent applications pending relating to its proprietary technology. Id.

On December 7, 2009, Soladigm and Tarng entered into a Consulting Agreement whereby Tarng agreed to perform certain consulting services for Soladigm in exchange for monetary compensation. Id. ¶ 13. These services included, without limitation, "Controller Design – Review characterization of competitor's controller, define functional/block architecture for Soladigm controller, design controller, fabricate, test and qualify." Id. At the core of Soladigm's smart window business are electrochromic materials-based devices. Id. ¶ 11; Counterclaim at 72:21-22, Docket No. 21.

Pursuant to the Consulting Agreement, Tarng agreed "that all copyrightable material, notes, records, drawings, designs, inventions, improvements, developments, discoveries and trade secrets conceived, discovered, developed or reduced to practice by Consultant, solely or in collaboration with others, during the term of this Agreement that relate in any manner to the business of the Company that Consultant may be directed to undertake, investigate or experiment with or that Consultant may become associated with in work, investigation or experimentation in the Company's line of business in performing the Services under this Agreement (collectively, "Inventions"), are the sole property of the Company." Docket No. 1 ¶ 17.

Tarng further agreed "to assist Company . . . in every proper way to secure the Company's rights in Inventions and any . . . patents . . . or other intellectual property rights relating to all

2
Case No.: 5:11-cv-05416 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Inventions in any and all countries, including . . . the execution of all . . . assignments and all other instruments that the Company may deem necessary in order to apply for and obtain such rights and in order to assign and convey to the Company, its successors, assigns and nominees the sole and exclusive right, title and interest in and to all Inventions, and any . . . patents . . . or other intellectual property rights relating to all Inventions. Consultant also agrees that Consultant's obligation to execute or cause to be executed any such instrument or papers shall continue after the termination of this Agreement." Id. ¶ 19. On June 18, 2010, the Consulting Agreement was terminated. Id. ¶ 20.

On April 1, 2010, Tarng filed the '121 patent application, entitled "Zilinx: the 11Less Green Technology for FPIC of Smart Window," with the U.S. Patent and Trademark Office. Id. ¶ 27. Tarng filed the '121 patent application without notice to, or the permission of, Soladigm. Id. The '121 patent application includes confidential information of Soladigm disclosed to Tarng during his consultancy with Soladigm under the Consulting Agreement. Id. ¶ 29. The '121 application claims inventions made by Tarng during the term of the Consulting Agreement that relate to the business of Soladigm that Tarng was directed to undertake, investigate or experiment with or became associated with in his work investigation or experimentation in Soladigm's line of business in performing his services for Soladigm. Id. ¶ 30. For example, the '121 application discloses and claims controllers for electrochromic windows, including at least fifteen references to electrochromic window technology and thirty references to smart window technology. Id. Tarng filed the '121 Application without notice to Soladigm. Id. at ¶ 27; Docket No. 20 at 22:19-23. On July 29, 2010, the Patent Office published the '121 patent application as U.S. Patent Application Publication US 2010-0188057 A1. Docket No. 1 ¶ 32.

After discovering the existence of the '121 patent application, Soladigm repeatedly contacted Tarng and requested that he execute an assignment to Soladigm of his rights in the inventions described and claimed in the '121 patent application. Id. ¶ 34. Despite Soladigm's repeated requests, Tarng has failed and refused to execute such an assignment. Id. ¶ 35.

On December 22, 2011, Tarng filed his amended answer (Docket No. 20) and counterclaims (Docket No. 21) against Soladigm for declaratory judgment of ownership of the '121 patent application, breach of consulting agreement, breach of nondisclosure agreement, breach of confidential relationship, and violation of California's unfair competition law. On March 9, 2012, Soladigm filed the present motion for partial judgment on the pleadings arguing that Soladigm is entitled to declaratory judgment as a matter of law that the inventions described and claimed in the '121 patent application are Soladigm's sole property. Soladigm also argues that it is entitled to specific performance of Tarng's obligation to execute a written assignment of the '121 patent application to Soladigm.

## II. LEGAL STANDARDS

Rule 12(c) of the Federal Rules of Civil Procedure provides in relevant part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." See Fed. R. Civ. P. 12(c). For purposes of a motion under Rule 12(c), the allegations of the non-moving party, Tarng, are accepted as true and the allegations of the moving party, Soladigm, that have been denied are presumed false. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Id.

A motion for judgment on the pleadings is generally evaluated under the same legal standard as a motion to dismiss pursuant to Rule 12(b)(6). Lopez Reyes v. Kenosian & Miele, LLP, 525 F. Supp. 2d 1158, 1160 (N.D. Cal. 2007). A motion to dismiss under Rule 12(b)(6) can be granted based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## III. DISCUSSION

Soladigm moves for declaratory judgment as a matter of law that the inventions described and claimed in the '121 patent application are Soladigm's sole property because Tarng admits the

4

Case No.: 5:11-cv-05416 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

existence and validity of the Consulting Agreement; Tarng admits the '121 patent application claims technology relates to Soladigm's business; and the invention was reduced to practice during the term of the Consulting Agreement.

The court begins by addressing whether Soladigm has established whether, on the face of the pleadings, no material issue of fact remains to be resolved regarding whether the '121 patent application claims technology related to Soladigm's business. As discussed above, under the Consulting Agreement, Soladigm owns any inventions that "relate in any manner to the business of the Company that Consultant may be directed to undertake, investigate or experiment with or that Consultant may become associated with in work, investigation or experimentation in the Company's line of business in performing the Services under this Agreement." Docket No. 1 ¶ 17.

Soladigm argues that Tarng admitted that the '121 application would constitute a "double patenting"[1] of a prior patent application, U.S. Patent Application 12/229,412 (the "'412 Application"), which issued as a U.S. patent, but for the fact that the '121 application claims electrochromic glass/smart window controller technology. Thus, the patentable invention in the '121 patent application is related to Soladigm's business. For example, Soladigm points to Tarng's allegation that "[t]he core technology of patent application 12/752,121 is actually the same as core technology of patent application 12/229,412. In other words, this is 'double-Patented' patent application," (Docket No. 21 at 4, ¶ 12) and to Tarng's allegation that

> It was the contractor's "good will" trying to promote the Anlinx's chip to win Soladigm's business to get the chip order from Soladigm. Therefore, instead of the "battery controller and ecosystem," the application 12/752,121 discloses and claims controllers for electrochromic windows, including at least fifteen references to electrochromic window technology and thirty references to smart window technology was the "good will" to have the common mutual interest platform to discuss the cooperation.

Id. at 68-69, ¶ 222; see Docket No. 11 at 32:14-19 ("I intentionally modified the patent application of smart battery management to be the smart window controller . . . to have the interest of

---

[1] Title 35 United States Code § 101 prevents two patents from issuing on the same invention. The common law doctrine of "double patenting" thus prevents a patentee from obtaining a later patent for the same invention that has already been patented. Applied Materials Inc. v. Advanced Semiconductor Materials Am., Inc., 98 F.3d 1563, 1568, (Fed. Cir. 1996) ("a patentee can not obtain a later patent for the same invention that has already been patented").

5

Case No.: 5:11-cv-05416 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Soladigm that I can keep my job. At the same time, I could have the chance to promote the cooperation between the 3rd party-Anlinx and Soladigm."). Soladigm argues that these "double patenting" admissions show that the only patentable inventions of the '121 Application relate to electrochromic/smart window technology and therefore to Soladigm's business, because Soladigm is in the business of making and selling smart window technology.

Tarng's Counterclaim, however, also alleges that the patentable invention in the '121 patent application is the Field Programmable Integrated Chip ("FPIC" or "G-Noiseless FPIC") which has no relation to electrochromic/smart window technology or to his work at Soladigm. Docket No. 21 ¶¶ 26-29; Opp'n to Pl.'s Mot. Partial J. on the Pleadings at 21-22, Docket No. 66 ("Opp'n"). Tarng's Answer further alleges that, although the '121 application mentions smart windows and electrochromic glass, the '121 application is not limited to use in smart windows or electrochromic glass. Docket No. 20 at 6:19-26. To emphasize the independence of the invention from its relevance to smart windows, Tarng changed references in the amended '121 application to a "smart window" to be "ecosystem" and "smart window controller" to be "smart battery management." Id. at 7. Additionally, Tarng alleges that Soladigm is in the business of making electrochromic glass only and is not in the business of making smart windows or smart window controllers. Id. at 4:22-5:10. Specifically, Soladigm is not in the business of research and development of FPICs as disclosed in the '121 patent application. Id. at 10-11. Additionally, Tarng alleges that, despite the language of the Consulting Agreement, his actual job at Soladigm was not to do research and development but rather to do wiring, soldering, testing, and debugging of Soladigm's prototype boards. Id. at 12-13. Tarng also alleges that he developed the invention entirely on his own time and without using Soladigm's equipment, supplies, facilities or trade secret information. Id. at 92.

Because Tarng is representing himself *pro se*, the court must liberally construe his pleadings. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir.1990). Additionally, because this motion is brought under Rule 12(c), the allegations of the non-moving party, Tarng, are accepted as true, and the allegations of the moving party, Soladigm, that have been denied are

presumed false. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990).

Thus, the court accepts as true Tarng's allegations that the patentable invention in the '121 application is the FPIC, and that the FPIC is not related to his work at Soladigm. The court also accepts as true Tarng's allegations that the patentable invention in the '121 application, the FPIC, is outside the scope of Soladigm's business, which deals only with electrochromic glass. Although Soladigm has pointed to admissions by Tarng that he referenced electrochromic window technology and smart window technology in the '121 patent application in an attempt to foster a partnership between Soladigm and another company, Anlinx, these admissions do not directly contradict his allegations that the patentable invention is unrelated to the work he was hired to do for Soladigm. Thus, whether the '121 application seeks to patent an invention that "relate[s] in any manner to the business of [Soladigm] that [Tarng was] directed to undertake, investigate or experiment with or that [Tarng became] associated with in work, investigation or experimentation in [Soladigm's] line of business in performing the Services" under the Consulting Agreement (Docket No. 1 ¶ 17) and therefore is owned by Soladigm is a material issue of fact that remains to be resolved. As a result, Soladigm is not entitled to judgment as a matter of law based on the pleadings.

## IV. CONCLUSION

For the reasons discussed above, Soladigm's motion for partial judgment on the pleadings is DENIED.

IT IS SO ORDERED

Dated: September 18, 2012

_____
EDWARD J. DAVILA
United States District Judge

7
Case No.: 5:11-cv-05416 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS