UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLADIGM, INC., | Case No.: 5:11-cv-05416 EJD |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| MIN MING TARNG, | (Re: Docket No. 63) |
| Defendant. | |

Presently before the court is Defendant Min Ming Tarng's ("Tarng") "Notice of Motion and Motion for Sanction of Plaintiff Soladigm's Default Judgment." See Docket No. 63. Having reviewed the parties' submissions, the court previously found this matter appropriate for decision without oral argument. Civil L.R. 7-1(b). For the reasons discussed below, the court DENIES Tarng's motion for sanctions.

## I. BACKGROUND

On November 7, 2011, Soladigm filed its Complaint seeking declaratory judgment of the ownership of U.S. Patent Application No. 12/752,121 (the "'121 patent application") and alleging breach of contract, breach of confidential relationship, and unfair competition. See Compl., Docket No. 1. Soladigm's Complaint alleges the following facts.

Soladigm is a developer of next-generation green building solutions that improve energy efficiency, promote cost savings, and provide environmental benefits and quality of life

enhancements. Id. ¶ 11. To help achieve these benefits, Soladigm develops products, such as its Dynamic Glass product, which, when used in windows, controls the amount of light and heat that enter a building. Id. Soladigm's windows are commonly referred to as "smart windows," because their ting level is controllable by the user. Id. The core technology in Soladigm's smart windows is electrochromic materials based devices, which require electrical switching, and particularly, controller proprietary technology in order to operate properly. Id. Soladigm seeks patents on inventions originating from its research and development activities, has been issued patents, and has patent applications pending relating to its proprietary technology. Id.

On December 7, 2009, Soladigm and Tarng entered into a Consulting Agreement whereby Tarng agreed to perform certain consulting services for Soladigm in exchange for monetary compensation. Id. ¶ 13. These services included, without limitation, "Controller Design – Review characterization of competitor's controller, define functional/block architecture for Soladigm controller, design controller, fabricate, test and qualify." Id. At the core of Soladigm's smart window business are electrochromic materials-based devices. Id. ¶ 11; Counterclaim at 72:21-22, Docket No. 21.

Pursuant to the Consulting Agreement, Tarng agreed "that all copyrightable material, notes, records, drawings, designs, inventions, improvements, developments, discoveries and trade secrets conceived, discovered, developed or reduced to practice by Consultant, solely or in collaboration with others, during the term of this Agreement that relate in any manner to the business of the Company that Consultant may be directed to undertake, investigate or experiment with or that Consultant may become associated with in work, investigation or experimentation in the Company's line of business in performing the Services under this Agreement (collectively, "Inventions"), are the sole property of the Company." Docket No. 1 ¶ 17.

On April 1, 2010, Tarng filed the '121 patent application, entitled "Zilinx: the 11Less Green Technology for FPIC of Smart Window," with the U.S. Patent and Trademark Office. Id. ¶ 27. Tarng filed the '121 patent application without notice to, or the permission of, Soladigm. Id. The '121 patent application includes confidential information of Soladigm disclosed to Tarng during his consultancy with Soladigm under the Consulting Agreement. Id. ¶ 29. The '121 application

2

Case No.: 5:11-cv-05416 EJD
ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

contains numerous references to electrochromic and smart window controller technology, which relate to the work Tarng did for Soladigm. Id. ¶ 30. On July 29, 2010, the Patent Office published the '121 patent application as U.S. Patent Application Publication US 2010-0188057 A1. Id. ¶ 32.

After discovering the existence of the '121 patent application, Soladigm repeatedly contacted Tarng and requested that he execute an assignment to Soladigm of his rights in the inventions described and claimed in the '121 patent application. Id. ¶ 34. Despite Soladigm's repeated requests, Tarng has failed and refused to execute such an assignment. Id. ¶ 35.

On December 22, 2011, Tarng filed his amended answer (Docket No. 20) and counterclaims (Docket No. 21) against Soladigm for declaratory judgment of ownership of the '121 patent application, breach of consulting agreement, breach of nondisclosure agreement, breach of confidential relationship, and violation of California's unfair competition law. On March 15, 2012, Tarng filed the present motion entitled "Motion for Sanctions of Plaintiff Soladigm's Default Judgment."

## II. DISCUSSION

Tarng's motion offers no legal basis for the imposition of sanctions against Soladigm, much less for entry of default judgment. Tarng's reply brief in support of his motion similarly provides no basis for sanctions and appears to be an attempt to supplement his opposition to Soladigm's motion for partial judgment on the pleadings.

If Tarng intended to bring his motion for sanctions under Fed. R. Civ. P. 11, Tarng's motion fails because Tarng has not demonstrated that Soladigm's claims, contentions, admissions, and denials in its pleadings were presented for an improper purpose, are unwarranted by law, lack evidentiary support, or are not reasonably based on belief or information after a reasonable inquiry. As such, they cannot serve as the basis for a motion for sanctions against Soladigm. Fed. R. Civ. P. 11(b).

There is also no legal basis for discovery sanctions against Soladigm. Fed. R. Civ. P. 26(d) prohibits a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)" with certain limited exceptions not applicable here. Fed. R. Civ. P. 26(d). Here, Soladigm represents, and Tarng does not dispute, that the parties did not hold their Rule 26(f)

conference until February 24, 2012. Opp'n at 2:6-7, Docket No. 69. Tarng's motion for sanctions was filed 16 days later on March 15, 2012, before any possible deadlines for Soladigm's responses to any discovery requests. See Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 36(a)(3). Thus, Tarng has not identified any failure to respond to document requests meriting sanctions under Rule 37 of the Federal Rules of Civil Procedure.

Finally, Tarng has not demonstrated any basis for entry of default judgment against Soladigm in this case. A default may not be entered against Soladigm here because Tarng has not shown that Soladigm "failed to plead or otherwise defend" itself from any claim that Tarng has asserted or attempted to assert in his pleadings. Fed. R. Civ. P. 55(a). Thus, if Tarng's motion for sanctions were interpreted as a motion for default judgment, that motion would fail.

## IV. CONCLUSION

For the reasons discussed above, Soladigm's motion for sanctions is DENIED.

IT IS SO ORDERED

Dated: September 18, 2012

_____
EDWARD J. DAVILA
United States District Judge

4

Case No.: 5:11-cv-05416 EJD
ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS