United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLADIGM, INC., | CASE NO. 5:11-cv-05416 EJD |
| Plaintiff(s), | **ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** |
| v. | |
| MIN MING TARNG, | [Docket Item No(s). 187, 200] |
| Defendant(s). | |

## I.   INTRODUCTION

On November 7, 2012, the parties to this action executed a Settlement Agreement at the conclusion of a judicially-supervised settlement conference. See Docket Item No. 147. But a stipulated dismissal according to the terms of the Settlement Agreement proved elusive, and the parties appeared for a show cause hearing on December 14, 2012. See Docket Item No. 174. After considering the positions of all concerned as to the enforceability of the Settlement Agreement, this court found that it was a complete document and that all parties had agreed to its terms. Based on those findings, the court issued an order on December 17, 2012, enforcing the Settlement Agreement and dismissing the case. See Docket Item No. 179.

Presently before the court is *pro se* Defendant Min Ming Tarng's ("Defendant") motion seeking relief from the dismissal order under Federal Rules of Civil Procedure 59 and 60. See Docket Item Nos. 187, 200. Plaintiff Soladigm, Inc. ("Plaintiff") has filed written opposition to the motion. See Docket Item No. 197. Having reviewed these documents, the court finds this matter

suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For reasons explained below, Defendant's motion will be denied.

## II.  LEGAL STANDARD

At the outset, the framework by which this motion will be analyzed must be established. Defendant has cited two procedural rules, the first being Federal Rule of Civil Procedure 59(b).  But that particular subsection, which provides nothing more than the deadline by which a Motion for New Trial must be filed,[1] is inapplicable to the procedural circumstances presented here.  In fact, Defendant's characterization of this motion as one for a new trial is fundamentally misplaced because resolution here came about through an alternative process.  Since this case was dismissed pursuant to a settlement, no trial was held for which a new trial can be granted.

But because cited authority sometimes does not dictate that which is actually applied,[2] the court finds it more appropriate to consider Defendant's motion under Federal Rule of Civil Procedure 59(e) rather than Rule 59(b).  That portion of the rule allows for motions to "alter or amend" a judgment, but also applies to motions seeking to vacate a dismissal.  See Hamid v. Price Waterhouse, 51 F.3d 1411, 1415 (9th Cir. 1995) ("[O]ur precedents require that we treat a motion to vacate an order of dismissal as a Rule 59(e) motion.").

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  Relief under Rule 59(e) is "extraordinary" and "should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).

---

[1] "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).

[2] "[T]he moving party's label for its motion is not controlling."  United States v. 1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir. 1984).  "Rather, the court will construe it, however styled, to be the type proper for the relief requested."  Id.  Such a construction is particularly appropriate for cases involving a *pro se* litigant like this one because Defendant's pleadings must be liberally construed.  See Abassi v. INS, 305 F.3d 1028, 1032 (9th Cir. 2002).

Defendant has also cited Rule 60 of the Federal Rules of Civil Procedure. Subsection (b) of that rule states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

With Rules 59(e) and 60(b) as a guide, the court turns to the substance.

### III.   DISCUSSION

Defendant's motion has been reviewed in its entirety despite its length.[3] From this review, it seems the specifics of Defendant's argument fall into one of three categories: (1) that certain factual representations relied upon in the Settlement Agreement are false, (2) that Plaintiff's attorneys and the attorney appointed to represent Defendant for settlement engaged in fraudulent conduct, and (3) that the judicially-supervised conference which resulted in the Settlement Agreement was not a fair proceeding.

**A.   New Evidence**

In examining the "newness" of evidence, both Rule 59(e) and Rule 60(b) employ a similar standard. In particular, both rules require a showing that the proponent was not previously in possession of the evidence and that such evidence was sought with diligence. Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987) (providing standard under Rule 59(e)); Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (providing standard under Rule 60(b)).

Here, Defendant has not shown that the information presented in this motion constitutes "new evidence" as defined by Rules 59(e) and 60(b). Much, if not all, of the documentation Defendant cites is dated prior to the court's dismissal order. Since Defendant does not explain

---

[3] At over 70 pages exclusive of exhibits, the motion was filed in violation of Civil Local Rule 7-2(b), which limits all motions to 25 pages.

3
CASE NO. 5:11-cv-05416 EJD
ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

1  otherwise, the court can only presume that the documentation was either already in Defendant's
2  possession or easily available to him prior to its submission now. To the extent any of it was not,
3  Defendant has not described diligence in seeking it.

4  In any event, it does not appear this evidence would require a different result. In addition to
5  being "new," evidence must also be material such that the "production of it earlier would have been
6  likely to change the disposition of the case." Coastal Transfer Co., 833 F.2d at 211. As the court
7  understands it, Defendant contends that he was mistaken in believing he could comply with what the
8  Settlement Agreement requires of him. The explicit terms of the Settlement Agreement, however,
9  state otherwise. Under these circumstances, any unilateral mistake of fact must be borne by
10 Defendant. Grenall v. United of Omaha Life Ins. Co., 165 Cal. App. 4th 188, 193 (2008) ("A
11 contracting party bears the risk of a mistake when the agreement so provides or when the party is
12 aware of having only limited knowledge of the facts relating to the mistake but treats this limited
13 knowledge as sufficient.").

14 Accordingly, the "new evidence" relied upon by Defendant is insufficient to grant relief.

15 **B.     The Conduct of Attorneys**

16 Defendant alleges that the attorneys for Plaintiff along with the "spy-type" *pro bono* attorney
17 that represented Defendant for the purposes of settlement engaged in fraudulent conduct. This
18 theory was previously raised by Defendant at the show cause hearing but ultimately rejected by the
19 court as a basis to preclude enforcement of the Settlement Agreement. The version of an alleged
20 attorney conspiracy presented in this motion fares no better.

21 To prevail under Rule 60(b)(3), "the moving party must prove by clear and convincing
22 evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the
23 conduct complained of prevented the losing party from fully and fairly presenting the defense." De
24 Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000). "Clear and convincing
25 evidence" is a standard greater than "preponderance of the evidence" but lesser than "beyond a
26 reasonable doubt." United States v. Chimurenga, 760 F.2d 400, 405 (9th Cir. 1985). Here,
27 Defendant has not presented anything other than theory and hypothesis unconnected to any actual
28 evidence. Simply because attorneys representing opposing sides to a case engage in a cordial

relationship, or even a friendly one, does not mean those same attorneys are attempting to defraud their clients. Defendant therefore has not established a factual basis for the court to find fraudulent conduct on the part of anyone connected to this case, let alone established fraud by clear and convincing evidence. Accordingly, the court rejects this theory as a valid ground for relief under Rule 60(b)(3), 60(b)(6), or the "manifest injustice" element of Rule 59.[4]

### C.   The Settlement Conference

Defendant finally alleges that the Settlement Conference supervised by a magistrate judge was not a fair proceeding in a number of aspects. In essence, Defendant contends he was forced to sign the Settlement Agreement while being confined in a "court jail" without understanding its terms or effect.

Much like its predecessor, this argument is based on conjecture unsupported by actual evidence. Neither of the attorneys also present at the settlement conference - including his own - concurred with Defendant's version of the event when he raised it at the show cause hearing. Regardless, Defendant's allegations describing the behavior of the magistrate judge are simply inconceivable in the absence of exceptionally compelling evidence.

Defendant's other contentions are similarly unavailing. His protestation of a limited ability to understand English is entitled to little credibility considering he holds a doctorate degree from an American educational institution and has succeeded in filing several substantial pleadings in this court, all of which are perfectly understandable. The same is true of Defendant's claim that he was urged to sign the Settlement Agreement without obtaining independent legal advice. Defendant was represented by settlement counsel, to whom he could ask any question, and the conference was supervised by a magistrate judge, who could independently determine whether Defendant was being

---

[4] The court is compelled to address Defendant's allegation that a *pro bono* attorney was "forced" upon him. Such an allegation is belied by the docket in this action. The court approved two orders regarding Defendant's representation in this case, the first stating that Defendant "requested and is in need of counsel to assist him at the Court-ordered settlement conference," and the second indicating that his appointed attorney and defendant "request that the court expand the scope of appointed counsel." See Docket Item Nos. 110, 137. This language demonstrates that the initial appointment of counsel and the subsequent modification to the scope of representation were each initiated at Defendant's behest. Additionally, Defendant was free to terminate the services of his volunteer attorney at any time he thought it appropriate.

1  inappropriately pressured.

2  Moreover, the fact that Defendant may not have read the settlement agreement is of no
3  moment.  "[F]ailure to read a contract before signing is not in itself a reason to refuse its
4  enforcement."  Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 20 Cal. App. 3d 668, 671
5  (1971).

6  In the end, it may be that Defendant regrets agreeing to a settlement of this case.  But regret
7  is not a reason to grant relief under Rules 59(e) or 60(b).  See Latshaw v. Trainer Wortham & Co.,
8  Inc., 452 F.3d 1097, 1101 (9th Cir. 2006).  Since Defendant has not demonstrated any other basis to
9  modify the ultimate result, his motion must be declined.

### IV.  ORDER

Defendant's Motion for New Trial (see Docket Item Nos. 187, 200), as construed under
Federal Rules of Civil Procedure 59(e) and 60(b), is DENIED.

**IT IS SO ORDERED.**

Dated:  February 1, 2013



EDWARD J. DAVILA
United States District Judge

CASE NO. 5:11-cv-05416 EJD
ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL