United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLADIGM, INC., | CASE NO. 5:11-cv-05416 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT** |
| v. | |
| MIN MING TARNG, | [Docket Item No(s). 204] |
| Defendant(s). | |

## I.   INTRODUCTION

This action for declaratory judgment, breach of contract, breach of confidential relationship and unfair competition was commenced by Plaintiff Soladigm, Inc.[1] ("Plaintiff") on November 8, 2011. See Docket Item No. 1.  A year later, Plaintiff and Defendant Min Ming Tarng ("Defendant") reached a written resolution of all claims at a settlement conference supervised by a magistrate judge. See Docket Item No. 147.  But in the end, the parties could not agree to a stipulated dismissal and appeared before this court in order to address that issue. See Docket Item No. 174.  After considering the arguments for and against enforcement of the settlement agreement, the court found that it constituted a complete document to which all parties had agreed and, as contemplated in the agreement, dismissed this action with prejudice on December 17, 2012. See Docket Item No. 179.

Unfortunately, the case lives on despite the settlement and dismissal.  Indeed, the court has

---

[1] According to its more recent pleadings, Plaintiff has changed its name to View, Inc.

1

CASE NO. 5:11-cv-05416 EJD
ORDER DENYING PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT

1   issued five orders in response to eight motions - all filed by Defendant - since January, 2013.  See

2   Docket Item Nos. 186, 203, 224, 228, 231.  One of those orders warned Defendant that his conduct

3   could result in the imposition of sanctions or his designation as a vexatious litigant.  See Docket

4   Item No. 186.

5          Presently before the court is Plaintiff's motion requesting just that - an order declaring

6   Defendant a vexatious litigant.  See Docket Item No. 204.  Plaintiff also requests a pre-filing order

7   requiring Defendant to obtain leave of court before filing anything related to this case.  Defendant,

8   as would be expected, disagrees with Plaintiff's request in written opposition.  See Docket Item No.

9   209.

10         Whether Defendant's conduct to this point supports a vexatious declaration is a close

11  question.  After careful review, however, the court will find that Defendant's actions have not

12  become vexatious - *yet*.  Accordingly, Plaintiff's motion will be denied for the reasons explained

13  below.

14                              **II.    LEGAL STANDARD**

15         Federal courts may subject vexatious litigants to pre-filing orders pursuant to the All Writs

16  Act.  See 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress

17  may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to

18  the usages and principles of law."); see also Moy v. United States, 906 F.2d 467, 469 (9th Cir. 1990)

19  ("[I]t is clear that the district court has authority to issue pre-filing injunctions pursuant to 28 U.S.C.

20  § 1651.").  Such orders should not be issued lightly; they are "an extreme remedy that should rarely

21  be used."  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  "Courts should

22  not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due

23  process right of access to the courts."  Id.

24         There can come a time, though, when an abusive litigant's right of access must be curtailed

25  by court order so as to control the type of  "[f]lagrant abuse of the judicial process" that "enables one

26  person to preempt the use of judicial time that properly could be used to consider the meritorious

27  claims of other litigants."  De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990).  This can be

28  especially pertinent to individuals proceeding without counsel because "fewer sanctions are

CASE NO. 5:11-cv-05416 EJD
ORDER DENYING PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT

United States District Court

For the Northern District of California

1   available against a pro per litigant." Doran v. Vicorp Rests., Inc., 407 F. Supp. 2d 1115, 1118 (C.D.

2   Cal. 2005).  Absent an available means of restraint, such as an order requiring a litigant to obtain

3   leave of court prior to filing documents, some cases may never come to an end.

4          The Ninth Circuit has articulated factors for the district courts to examine before issuing a

5   pre-filing order:

6                    First, the litigant must be given notice and a chance to be heard before
                     the order is entered.  Second, the district court must compile 'an
7                    adequate record for review.'  Third, the district court must make
                     substantive findings about the frivolous or harassing nature of the
8                    plaintiff's litigation.  Finally, the vexatious litigant order 'must be
                     narrowly tailored to closely fit the specific vice encountered.'
9

10  Molski, 500 F.3d at 1057 (quoting De Long, 912 F.2d at 1147-48) (internal citations omitted).

11                            **III.    DISCUSSION**

12         Of the four factors relevant to the issuance of a pre-filing order, it is the third factor requiring

13  substantive findings that is the most important to this analysis.  The court proceeds to it directly

14  because it is dispositive.

15         Whether Defendant's litigation activity can be determined "frivolous or harassing" depends

16  on "'both the number and content of the filings as indicia' of the frivolousness." De Long, 912 F.2d

17  at 1148 (quoting In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988).  "An injunction cannot issue

18  merely upon a showing of litigiousness." Moy, 906 F.2d at 460.  Defendant's "claims must not only

19  be numerous, but also be patently without merit." Id.

20         Here, Defendant's filings can be described in various ways using various adjectives.  Many

21  are in excess of the page limitations imposed by the Civil Local Rules, some to a great extent.

22  Others contain page after page of pictures, Chinese characters, or self-made charts, the relevance of

23  which is not always clear.  Still others contain various parts of pleadings previously filed or are

24  simply the re-filing of motions previously denied.  A couple of Defendant's filings appear to include

25  altered copies of e-mails or manufactured evidence.  Furthermore, Defendant has filed a series of

26  pleadings which attempt to raise claims against Plaintiff and other parties even though this case has

27  been dismissed.  These filings could be found frivolous or harassing.

28         But other filings were not entirely improper.  For example, Defendant's motion for new trial,

3

United States District Court

For the Northern District of California

1 although unsuccessful, was nonetheless presented with some arguable basis in law and required

2 analysis by the court in the ensuing order. And the recently-filed motion to disqualify the court,

3 while perhaps misguided, could also be characterized as non-frivolous under a liberal construction

4 of the pleading. This motion was still pending at the time Defendant filed the disqualification

5 motion, after all.

6       Defendant walks both sides of the fence, into and out of frivolity. Without doubt, he has

7 been a litigious individual. Litigiousness alone, however, is not enough to justify a pre-filing order.

8 Moreover, the number and content of Defendant's filings to date show that Defendant has not yet

9 stepped so far into the realm of frivolity such that he has moved from being just litigious to being

10 impermissibly vexatious. On these grounds, Plaintiff's motion will be denied.

11       That said, Defendant should not take comfort in this result. If Defendant continues to engage

12 in frivolous behavior, the court will issue its own Order to Show Cause why he should not be

13 subjected to a pre-filing order, and will reconsider the conduct described in this Order when making

14 that determination. Before filing anything further, Defendant should keep in mind that this case has

15 been *dismissed* and is *closed*. It is only under a very limited set of circumstances that motions or

16 additional documents should be filed in a dismissed, closed case. Absent those limited

17 circumstances, any further attempts by Defendant to unjustifiedly maintain this litigation will be met

18 with orders summarily terminating or striking the motion, request or improper pleading.

19 **IV. ORDER**

20       Plaintiff's Motion to Declare Defendant a Vexatious Litigant (Docket Item No. 204) is

21 DENIED. The hearing scheduled for May 17, 2013, is VACATED.

22 **IT IS SO ORDERED.**

23

24 Dated: May 9, 2013

                                  _____

25                                  EDWARD J. DAVILA
                                 United States District Judge

26

27

28

CASE NO. 5:11-cv-05416 EJD
ORDER DENYING PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT